891 F.2d 291
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Juivonne LITTLEJOHN, Plaintiff-Appellant,
v.
Daniel LARSON; (Arum) Zummer, Defendants-Appellees.
 No. 89-1392.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1989.
 
 Before BOYCE F. MARTIN, Jr. and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Juivonne Littlejohn appeals the summary judgment for defendants in this civil rights action filed under 42 U.S.C. § 1983. Littlejohn alleged that the defendant prison officials improperly denied him mail pursuant to Michigan's "publishers only" rule. The district court concluded that there were no genuine issues of material fact and granted defendants' motion for summary judgment. Upon consideration, we conclude that summary judgment was proper.
 
 
 3
 Generally, summary judgment is appropriate where there are no genuine issues of material fact and movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Defendants must show the absence of evidence supporting plaintiff's claims. See Celotex Corp., 477 U.S. at 325. Thereafter, plaintiff must establish that a genuine issue remains for trial. See Celotex Corp., 477 U.S. at 324. We review the grant of summary judgment de novo. See Gutierrez v. Lynch, 826 F.2d 1534, 1536 (6th Cir.1987).
 
 
 4
 Here, defendants showed the absence of evidence supporting plaintiff's claim and plaintiff failed to respond to defendants' motion for summary judgment. "Publishers only" rules have been upheld as legitimate regulations governing prisoners' mail. Thornburgh v. Abbott, 109 S.Ct. 1874 (1989); Ward v. Washtenaw County Sheriff's Dep't, 881 F.2d 325, (6th Cir.1989). At a minimum, defendants showed that there is no evidence that the mail in question came from a "publisher." Thereafter, plaintiff failed to show that a genuine issue remains for trial. Although plaintiff contends that prison officials interfered with his ability to respond to defendants' motion, plaintiff provided no factual basis for his failure to respond to the motion for nearly eight months. Even now, plaintiff has shown no genuine issue that remains for trial. Under these circumstances, we must conclude that summary judgment for defendants was proper.
 
 
 5
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.